John C. Taylor, State Bar No. 78389
James W. Lewis, State Bar No. 207599
**TAYLOR & RING, LLP**
10900 Wilshire Boulevard, Suite 920
Los Angeles, California 90024

Telephone: (310) 209-4100
Facsimile: (310) 208-5052

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.T., a minor by and through her Guardian ad Litem DEBBIE T.; N.W., a minor by and through her Guardian ad Litem RANDI W.; S.W., a minor by and through her Guardian ad Litem JOSHUA W.; Z.G., a minor by and through his Guardian ad Litem LINDA G., M.S., a minor by and through her Guardian ad Litem, HOWARD S.; S.S., a minor by and through her Guardian ad Litem, PAMELA S.; A.B., a minor by and through her Guardian ad Litem, KAREN B., <br><br> Plaintiffs, <br><br> vs. <br><br> NORTH AMERICAN FEDERATION OF TEMPLE YOUTH a.k.a. NFTY, an entity of unknown form; UNION FOR REFORM JUDAISM a.k.a. URJ, an entity of unknown form; URJ CAMP and ISRAEL PROGRAMS, an entity of unknown form; NFTY SOUTHERN CALIFORNIA, an entity of unknown form; and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO. 2:15-cv-09561-GW (PJWx) <br><br> Assigned to Hon. George H. Wu, Courtroom 10 <br><br> Assigned to Magistrate Judge Patrick J. Walsh <br><br> **PLAINTIFFS' SECOND AMENDED COMPLAINT FOR PERSONAL INJURIES AND DAMAGES** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs E.T., a minor by and through her Guardian ad Litem DEBBIE T.; N.W., a minor by and through her Guardian ad Litem RANDI W.; S.W., a minor by and through her Guardian ad Litem JOSHUA W.; Z.G., a minor by and through his Guardian ad Litem LINDA G., M.S., a minor by and

1

through her Guardian ad Litem, HOWARD S.; S.S., a minor by and through her Guardian ad Litem, PAMELA S.; and A.B., a minor by and through her Guardian ad Litem, KAREN B., allege as follows:

## GENERAL ALLEGATIONS

1. At all times mentioned herein, plaintiff E.T. was and now is a resident of the County of Los Angeles, State of California. Plaintiff E.T. is, and at all times mentioned herein was, a minor.

2. DEBBIE T. is the biological mother of plaintiff E.T.; she is a resident of the County of Los Angeles, State of California; and she is the Guardian ad Litem for plaintiff E.T. for purposes of this lawsuit.

3. At all times mentioned herein, plaintiff N.W. was and now is a resident of the County of Los Angeles, State of California. Plaintiff N.W. is, and at all times mentioned herein was, a minor.

4. RANDI W. is the biological mother of plaintiff N.W.; she is a resident of the County of Los Angeles, State of California; and she is the Guardian ad Litem for plaintiff N.W. for purposes of this lawsuit.

5. At all times mentioned herein, plaintiff S.W. was and now is a resident of the County of Los Angeles, State of California. Plaintiff S.W. is, and at all times mentioned herein was, a minor.

6. JOSHUA W. is the biological father of plaintiff S.W.; he is a resident of the County of Los Angeles, State of California; and he is the Guardian ad Litem for plaintiff S.W. for purposes of this lawsuit.

7. At all times mentioned herein, plaintiff Z.G. was and now is a resident of the County of Los Angeles, State of California. Plaintiff Z.G. is, and at all times mentioned herein was, a minor.

8. LINDA G. is the biological mother of plaintiff Z.G.; she is a resident of the County of Los Angeles, State of California; and she is the Guardian ad Litem for plaintiff Z.G. for purposes of this lawsuit.

9. At all times mentioned herein, plaintiff M.S. was and now is a resident of the County of Los Angeles, State of California. Plaintiff M.S. is, and at all times mentioned herein was, a minor.

10. HOWARD S. is the biological father of plaintiff M.S.; he is a resident of the County of Los Angeles, State of California; and he is the Guardian ad Litem for plaintiff M.S. for purposes of this lawsuit.

11. At all times mentioned herein, plaintiff S.S. was and now is a resident of the County of San Diego, State of California. Plaintiff S.S. is, and at all times mentioned herein was, a minor.

12. PAMELA S. is the biological mother of plaintiff S.S.; she is a resident of the County of San Diego, State of California; and she is the Guardian ad Litem for plaintiff S.S. for purposes of this lawsuit.

13. At all times mentioned herein, plaintiff A.B. was and now is a resident of the County of Middlesex, State of Connecticut. Plaintiff A.B. is, and at all times mentioned herein was, a minor.

14. KAREN B. is the biological mother of plaintiff A.B.; she is a resident of the County of Middlesex, State of Connecticut; and she is the Guardian ad Litem for plaintiff A.B. for purposes of this lawsuit.

15. Plaintiffs are informed and believe and thereupon allege that at all times mentioned herein, defendants NORTH AMERICAN FEDERATION OF TEMPLE YOUTH a.k.a. NFTY; UNION FOR REFORM JUDAISM a.k.a. URJ; URJ CAMP, ISRAEL PROGRAMS, NFTY SOUTHERN CALIFORNIA; and/or DOES 1-25 were individuals and/or entities of unknown form who owned, controlled, managed, or were otherwise responsible for the coordination, planning, administration, operation and execution of a group travel/tour company which catered to adventures for teenagers. At all times mentioned herein, each of these defendants was operating and doing business in the County of Los Angeles, State of California.

16. Defendant DOES 26 through 50, and each of them, are persons, businesses, corporations or entities who owed a legal duty of care to the plaintiffs, who breached that legal duty, and are therefore responsible for the injuries and damages that the Plaintiffs suffered as a result thereof.

17. The true names and capacities of each defendant designated herein as DOES 1- 50, inclusive, whether an individual, business, public entity, or some other entity, are presently unknown to Plaintiffs, who therefore sue said defendants by such fictitious names, pursuant to Code of Civil Procedure section 474. Plaintiffs are informed and believe and upon such information and belief allege that each DOE defendant is responsible in some actionable manner for the events alleged herein. Plaintiffs will amend their complaint to state the true names and capacities of said defendants when the same have been ascertained.

18. At all times herein mentioned, each of the Defendants sued herein was the agent, servant, employee and/or joint venturer of each of the remaining defendants and was at all times acting within the course and scope of such agency, employment and/or venture with the full knowledge, consent, authority, ratification and/or permission of each of the remaining defendants.

19. Wherever appearing in this complaint, each and every reference to Defendants, or any of them, is intended to include, and shall be deemed to include, all fictitiously named defendants. Wherever reference is made in this complaint to any act by a Defendant or Defendants, such allegation and reference shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly, and severally. Wherever reference is made in this complaint to individuals who are not named as a defendant in this complaint, but were the agents, servants, employees, and/or supervisors of defendants, such individuals at all relevant times acted on behalf of defendants within the scope of their employment.

20. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, each Defendant was completely dominated and controlled by his/her/its co-defendants and each was the alter ego of the other as to the events set forth herein.

21. The Defendants, and each of them, are individuals, organizations and/or entities that advertise, promote and represent to the public that they are knowledgeable, experienced, professional, safe and reliable providers of youth trips to Israel. In 2014, the Plaintiffs were all high school students who participated in a trip to Israel that was planned, hosted, conducted, led and supervised by the Defendants, and each of them. As an inducement to get the Plaintiffs and their parents to pay for and participate in the trip, the Defendants expressly agreed to act *in loco parentis* (i.e. in place of a parent) and to safeguard, supervise, monitor, protect, and care for the minor Plaintiffs while they were on the trip. This included but was not limited to providing safe shelter, accommodations and protection for the Plaintiffs. In reliance on the Defendants' promises and assurances, the Plaintiffs agreed to attend the trip, and they paid valuable consideration to the Defendants.

22. While in Israel on the Defendants' trip, the Defendants took the minor Plaintiffs to a region that was known or should have been known by the Defendants, but not the Plaintiffs, to be infested with dangerous sandflies. Plaintiffs are informed and believe and based thereon allege that

PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

given the Defendants' professed expertise, the Defendants knew or should have known that the sandflies in the subject region carried a dangerous protozoan parasite of the genus Leishmania that spreads by the bite of sandflies. This danger was not something of which the Plaintiffs knew or should have known and it certainly was not one of the expressed or reasonably inherent risks associated with the trip in which they agreed to participate.

23. The Defendants failed to provide the Plaintiffs with any prior warning or instructions about the sandflies. The Defendants then took the Plaintiffs to an area which they knew or should have known was infested with these dangerous sandflies, and the Defendants failed to provide the Plaintiffs with any forms of protection, including but not limited to insecticides. Worse yet, the Defendants provided the minor Plaintiffs with bug infested bedding and no insect netting commonly used in the region. As a result, the minor Plaintiffs were each repeatedly bit by the infected sandflies which resulted in contraction of a permanent and life-altering disease called Leishmaniasis which manifests, in part, in painful and disfiguring skin ulcers. 'But for' the actions and inactions of the Defendants, the Plaintiffs would not have suffered the injuries and damages described herein.

24. Jurisdiction and venue are proper in Los Angeles County Superior Court, Central District, because the Defendants were doing business in the County of Los Angeles, the Plaintiffs entered into their agreements with the Defendants in the County of Los Angeles, the Defendants ultimately breached their agreements with the Plaintiffs in the County of Los Angeles, and because this is a designated personal injury case that is required to be filed in the Central District of the Los Angeles County Superior Court.

## FIRST CAUSE OF ACTION
## NEGLIGENCE
### (Plaintiffs Against Defendants)

25. Plaintiffs re-allege and incorporate as if fully stated herein, each and every allegation contained in paragraphs 1 through 24, above.

26. The Defendants, and each of them, were individuals, organizations and/or entities that owned, controlled, managed, or were otherwise responsible for the administration and operation of a travel company which catered to travel adventures for teenagers. The Defendants, and each of them,

professed and expressly informed the Plaintiffs that they were experts in group tours to and accommodations in Israel. The Plaintiffs, and each of them, relied upon and trusted those statements and professions.

27. As alleged experts in group tours to and accommodations in Israel, in keeping with the ordinary stand of care in the travel industry, the Defendants, and each of them, knew or should have known that sandflies present a real, regular, measurable and significant danger to travelers in that country. The Plaintiffs, on the other hand, as non-experts, would not have, or be expected to have, knowledge of said danger.

28. Furthermore, as part of their agreement with the Plaintiffs, the Defendants, and each of them, agreed to and were responsible for the care, supervision, protection, monitoring and safeguarding of the children in their charge. The Plaintiffs were each minors who participated in the Defendants' trip to Israel. As a result, the Defendants, and each of them, had a duty and responsibility to adequately and properly warn, supervise and protect the children in their care from harm, which included the minor plaintiffs.

29. The Defendants, and each of them, also had a duty to investigate, research, explore, and educate themselves on known and knowable dangers in the areas and regions in which they conducted their adventure camps and to adequately and properly educate, instruct, train, and supervise the employees in their charge who were planning, conducting, facilitating, and leading their youth adventure camps.

30. The Defendants, and each of them, negligently and recklessly breached their duties to the Plaintiffs by, in part, failing to warn and instruct them on the known danger of sandflies in Israel; by failing to properly and adequately care for, supervise, protect, monitor and safeguard the Plaintiffs; by failing to adequately and properly educate, instruct, train, and supervise the employees in their charge who were planning, conducting, facilitating, and leading their youth adventure camps; and/or for failing to take the necessary steps to prevent the incident which occurred, as alleged herein.

31. The Defendants' actions and inactions demonstrated a complete lack of any care and/or an extreme departure from what a reasonably careful person would have done in the same situation to prevent harm to others in their charge.

PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

32. Had the Defendants, and each of them, warned and instructed the Plaintiffs about the danger which was known or should have been known to them; adequately and properly supervised, monitored, instructed and protected the Plaintiffs; investigated, researched, explored, and educated themselves on known and knowable dangers in the areas and regions in which they conducted their adventure camps; and/or adequately and properly educated, instructed, trained, and supervised the employees in their charge who were planning, conducting, facilitating, and leading their youth adventure camps the incident would not have occurred and the minor Plaintiffs would not have been harmed.

33. The negligence of the defendants, and each of them, was a legal cause of injury to the Plaintiffs, and said Plaintiffs suffered serious harm as a result thereof.

34. As a direct and proximate result of the acts and omissions of the defendants, and each of them, as alleged herein, the Plaintiffs suffered serious injuries including, but not limited to, past and future physical injuries; past and future mental and emotional injuries; permanent scaring and disfigurement; and the cost of past and future medical and psychological care and counseling all in an amount not yet ascertained which is according to proof at trial, but which exceeds the minimum jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION
## BREACH OF EXPRESS ORAL CONTRACT
### (Plaintiffs Against Defendants)

35. Plaintiffs re-allege and incorporate as if fully stated herein, each and every allegation contained in paragraphs 1 through 34, above.

36. The Plaintiffs' parents each entered into an express oral contract with each of the Defendants. The contract terms were clear enough that the parties could understand what each was required to do. The Defendants, and each of them, promised plaintiffs' parents that they would provide plaintiffs with a guided tour of Israel in exchange for payment of monies in the amount of $7,945. Defendants promised plaintiffs' parents that plaintiffs would be provided with "safe and clean environments" during the trip. In exchange for the fee paid to the defendants, defendants promised, in part, to provide plaintiffs three meals per day, all travel in Israel, a pre-planned itinerary, all sleeping

accommodations, chaperones, group leaders, staff, and guides knowledgeable of the area. Defendants also promised plaintiffs' parents that they would supply plaintiffs with clean sleeping bags for the camping portions of the trip. The defendants represented to plaintiffs' parents that they had 50 years' worth of experience in running and organizing this trip.

37. As part of the contract, and in exchange for monetary compensation tendered, the Defendants agreed, in part, to be "open and honest about the risks of travel" associated with their tours; to act *in loco parentis* (i.e. in place of a parent); and to safeguard, supervise, monitor, protect, and care for the minor Plaintiffs while they were on the trip. This included but was not limited to providing safe shelter, sleeping accommodations and protection for the Plaintiffs. The Defendants, and each of them, also agreed to provide medical coverage for any and all injuries suffered while the Plaintiffs were in their care. In reliance on the Defendants' promises and assurances, the Plaintiffs agreed to attend the trip, and they paid valuable monetary consideration to the Defendants.

38. The minor Plaintiffs, and each of them, were the intended third-party beneficiaries of the oral contracts that were entered into between their parents and the Defendants. As a result, they have all the same rights under the law as their parents with regard to the contract.

39. The Defendants, and each of them, breached these agreements by, in part, failing to warn and instruct the Plaintiffs of the known danger of sandflies in Israel; by failing to properly and adequately care for, supervise, protect, monitor and safeguard the Plaintiffs; by failing to adequately and properly educate, instruct, train, and supervise the employees in their charge who were planning, conducting, facilitating, and leading their youth adventure camps; for failing to take the necessary steps to prevent the incident which occurred; and/or for failing to pay for the Plaintiffs total past and future medical expenses. Moreover, defendants breached the contract by providing the minor plaintiffs with sleeping bags and sleeping accommodations that were infested with dangerous sand flies, which were not "safe and clean environments" as promised by defendants.

40. As a result of the breach of these express legal duties owed by the Defendants, the Plaintiffs were harmed, did not get the benefit of their bargain, and they incurred additional expenses, such as medical bills and other economic and noneconomic damages that were the direct and proximate result of said defendants' acts, omissions, negligence, and breach of contractual duties owed to them.

41. Thus, the Plaintiffs seek recovery of all damages flowing from said Defendants' breach, including but not limited to reimbursement of the travel expenses tendered and paid and the cost of all past and future medical care which they will need as a result of the Defendants' misconduct and breach of contract.

## THIRD CAUSE OF ACTION
## BREACH OF EXPRESS WRITTEN CONTRACT
### (Plaintiffs Against Defendants)

42. Plaintiffs re-allege and incorporate as if fully stated herein, each and every allegation contained in paragraphs 1 through 41, above.

43. The Plaintiffs' parents each entered into an express written contract with each of the Defendants. The plaintiffs entered into written agreements with the defendants online through the defendants' website and other electronic means and did not maintain copies. Plaintiffs are informed and believe that defendants are in possession of all written contractual documentation. The contract terms were clear enough that the parties could understand what each was required to do. The Defendants, and each of them, promised plaintiffs' parents that they would provide plaintiffs with a guided tour of Israel in exchange for payment of monies in the amount of $7,945. Defendants promised plaintiffs' parents that plaintiffs would be provided with "safe and clean environments" during the trip. In exchange for the fee paid to the defendants, defendants promised, in part, to provide plaintiffs three meals per day, all travel in Israel, a pre-planned itinerary, all sleeping accommodations, chaperones, group leaders, staff, and guides knowledgeable of the area. Defendants also promised plaintiffs' parents that they would supply plaintiffs with clean sleeping bags for the camping portions of the trip. The defendants represented to plaintiffs' parents that they had 50 years' worth of experience in running and organizing this trip.

44. As part of the contract, and in exchange for monetary compensation tendered, the Defendants agreed, in part, to be "open and honest about the risks of travel" associated with their tours; to act *in loco parentis* (i.e. in place of a parent); and to safeguard, supervise, monitor, protect, and care for the minor Plaintiffs while they were on the trip. This included but was not limited to providing safe shelter, sleeping accommodations and protection for the Plaintiffs. The Defendants, and each of them,

also agreed to provide medical coverage for any and all injuries suffered while the Plaintiffs were in their care. In reliance on the Defendants' promises and assurances, the Plaintiffs agreed to attend the trip, and they paid valuable monetary consideration to the Defendants.

45. The minor Plaintiffs, and each of them, were the intended third-party beneficiaries of the written contracts that were entered into between their parents and the Defendants. As a result, they have all the same rights under the law as their parents with regard to the contract.

46. The Defendants, and each of them, breached these agreements by, in part, failing to warn and instruct the Plaintiffs of the known danger of sandflies in Israel; by failing to properly and adequately care for, supervise, protect, monitor and safeguard the Plaintiffs; by failing to adequately and properly educate, instruct, train, and supervise the employees in their charge who were planning, conducting, facilitating, and leading their youth adventure camps; for failing to take the necessary steps to prevent the incident which occurred; and/or for failing to pay for the Plaintiffs total past and future medical expenses. Moreover, defendants breached the contract by providing the minor plaintiffs with sleeping bags and sleeping accommodations that were infested with dangerous sand flies, which were not "safe and clean environments" as promised by defendants.

47. As a result of the breach of these express legal duties owed by the Defendants, the Plaintiffs were harmed, did not get the benefit of their bargain, and they incurred additional expenses, such as medical bills and other economic and noneconomic damages that were the direct and proximate result of said defendants' acts, omissions, negligence, and breach of contractual duties owed to them.

48. Thus, the Plaintiffs seek recovery of all damages flowing from said Defendants' breach, including but not limited to reimbursement of the travel expenses tendered and paid and the cost of all past and future medical care which they will need as a result of the Defendants' misconduct and breach of contract.

## FOURTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION
### (Plaintiffs Against Defendants)

49. Plaintiffs re-allege and incorporate as if fully stated herein, each and every allegation contained in paragraphs 1 through 48, above.

PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

50. Defendants, and each of them, represented to Plaintiffs, and each of them, that Defendants, and each of them, would care for, supervise, protect, monitor and safeguard the children in their charge. Defendants, and each of them, also represented to Plaintiffs that they would adequately warn the children in their care to protect them from known dangers, and would instruct the children on how to take precautions to protect themselves from known risks in the area. Defendants, and each of them, knew of the dangers presented by sandflies to persons in the area where Plaintiffs traveled with Defendants. Defendants failed to warn the Plaintiffs about the known dangers of sandflies in the region to which they traveled. Defendants, despite knowing of the risks presented by the sandflies, failed to instruct the children regarding the precautions that they should take in the area to protect themselves from the sandflies.

51. Defendants, and each of them, had no reasonable grounds for believing these representations were true because defendants had no intention of warning the children about the known dangers of the sandflies in the area. Defendants also did not intend on advising the Plaintiffs of the precautions that they should take to prevent bites from the sandflies, despite the known risks and dangers, which were significant.

52. Defendants, and each of them, intended that Plaintiffs, and each of them, would rely upon these representations. Plaintiffs and each of them reasonably relied upon the representations of the Defendants. As a result of the Plaintiffs' reliance on Defendants' representations, Plaintiffs were harmed and the reliance on Defendants' representations was a substantial factor in causing the harm to Plaintiffs.

## FIFTH CAUSE OF ACTION
## INTENTIONAL MISREPRESENTATION
### (Plaintiffs Against Defendants)

53. Plaintiffs re-allege and incorporate as if fully stated herein, each and every allegation contained in paragraphs 1 through 52, above.

54. Defendants, and each of them, represented to Plaintiffs, and each of them, that Defendants, and each of them, would care for, supervise, protect, monitor and safeguard the children in their charge. Defendants, and each of them, also represented to Plaintiffs that they would adequately

warn the children in their care to protect them from known dangers, and would instruct the children on how to take precautions to protect themselves from known risks in the area. Defendants, and each of them, knew of the dangers presented by sandflies to persons in the area where Plaintiffs traveled with Defendants. Defendants failed to warn the Plaintiffs about the known dangers of sandflies in the region to which they traveled. Defendants were aware of other persons who had recently traveled to the region where the Defendants took the plaintiffs who had been bitten by sandflies and were infected with parasites similar to the ones that have infected the Plaintiffs. The Defendants, and each of them, despite knowing of the risks presented by the sandflies, failed to instruct the children regarding the precautions that they should take in the area to protect themselves from the sandflies.

55. Defendants, and each of them, knew that the representations that they made to Plaintiffs about supervising, monitoring, safeguarding, and protecting the children from known dangers were false with regard to protecting them from the hazards of dangerous sandflies. Defendants knew that these representations were false when they made them, or that they made the representations recklessly and without regard for the truth. Defendants had no intention of warning the children about the known dangers of the sandflies in the area. Defendants also did not intend on advising the Plaintiffs of the precautions that they should take to prevent bites from the sandflies, despite the known risks and dangers, which were significant.

56. Defendants, and each of them, intended that Plaintiffs, and each of them, would rely upon these representations. Plaintiffs and each of them reasonably relied upon the representations of the Defendants. As a result of the Plaintiffs' reliance on Defendants' representations, Plaintiffs were harmed and the reliance on Defendants' representations was a substantial factor in causing the harm to Plaintiffs.

### SIXTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Plaintiffs Against Defendants)

57. Plaintiffs re-allege and incorporate as if fully stated herein, each and every allegation contained in paragraphs 1 through 60, above.

PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

58. The conduct of the Defendants, and each of them, caused each of the Plaintiffs to suffer severe emotional distress. The conduct of the Defendants was outrageous in because of the following: Defendants, and each of them, knew of the dangers presented by sandflies to persons in the area where Plaintiffs traveled with Defendants. Despite Defendants' knowledge of the risks and dangers of sandflies posed in the areas where the Defendants traveled with the Plaintiffs, the Defendants intentionally failed to warn Plaintiffs of the dangers of the sandflies that were known to Defendants. Defendants also failed to instruct Plaintiffs on how to protect themselves from the sandflies, and failed to provide the plaintiff with any basic protections from the sandflies such as insecticides. Defendants also provided the minor Plaintiffs with bug infested bedding and no insect netting commonly used in the region. All of these basic protection methods were known to Defendants.

59. The Defendants intended to cause the Plaintiffs emotional distress and/or the defendants acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress. The plaintiffs each suffered severe emotional distress and each of the Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for judgment against Defendants NORTH AMERICAN FEDERATION OF TEMPLE YOUTH a.k.a. NFTY; UNION FOR REFORM JUDAISM a.k.a. URJ; URJ CAMP, ISRAEL PROGRAMS; NFTY SOUTHERN CALIFORNIA and/or DOES 1 -50, inclusive, as follows:

1. For an award of general and special damages according to proof;
3. For contract damages (as described in the second and third causes of action);
4. For prejudgment interest, according to proof;
5. For costs of suit incurred herein; and
6. For such other and further relief as the Court deems just and proper.

Dated: February 26, 2016        TAYLOR & RING, LLP

                                By: _____
                                John C. Taylor
                                James Lewis
                                Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs previously requested a jury trial and renew such request.

Dated: February 26, 2016                TAYLOR & RING, LLP

By: _____
John C. Taylor
James Lewis
Attorneys for Plaintiffs

# PROOF OF SERVICE
(Code of Civil Procedure §§ 1011, 1013, 1013a, 2015.5)

STATE OF CALIFORNIA   )
                           ) ss.
COUNTY OF LOS ANGELES )

I, James W. Lewis, declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action or proceeding; my business address is 10900 Wilshire Boulevard, Suite 920, Los Angeles, California 90024; telephone (310) 209-4100.

On February 26, 2016, I served the foregoing document described as **PLAINTIFFS' SECOND AMENDED COMPLAINT FOR PERSONAL INJURIES AND DAMAGES**

on all interested parties in this action

[XX] By placing [ ] the original [XX] a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[ ] **BY MAIL** as indicated on the attached service list.

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FAX** as indicated on the attached service list. A copy of the transmission verification report is attached hereto.

[XX] **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

[ ] **BY PERSONAL SERVICE** by causing a true copy of said document to be hand-delivered as indicated on the attached service list via messenger.

[ ] **BY OVERNIGHT DELIVERY** as indicated on the attached service list. A copy of the shipping label is attached hereto.

Executed on February 26, 2016, at Los Angeles, California.

[XX] **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

_____
James W. Lewis

1

Service List
E.T., a minor vs. NORTH AMERICAN FEDERATION OF TEMPLE YOUTH, et al.
Case No. 2:15-cv-09561-GW (PJWx)

Dana Alden Fox, Esq.
Jonathan C. Teller, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Tel: 213-250-1800
Fax: 213-250-7900
Email: Jonathan.Teller@lewisbrisbois.com

Attorneys for Defendant, Union for Reform Judaism (North American Federation of Temple Youth a.k.a. NFTY, URJ Camp and Israel Programs, and NFTY Southern California)

2

PROOF OF SERVICE